UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | * |
| | * |
| THE UPPER CRUST LLC, ET AL, | * |
| | * |
| Debtors. | * |
| | * |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE UPPER CRUST LLC ET AL, | * |
| | * |
| Plaintiff, | * |
| | * Civil Action No. 14-cv-14165-IT |
| v. | * |
| | * |
| JORDAN TOBINS and STEFANY TOBINS, | * |
| | * |
| Defendants. | * |

ORDER

December 22, 2014

TALWANI, D.J.

Defendants Jordan and Stefany Tobins move to withdraw the reference of an adversary proceeding currently pending before the United States Bankruptcy Court for the District of Massachusetts. See 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."). Plaintiff Mark G. DeGiacomo, the Chapter 7 Trustee (the "Trustee") of the Upper Crust LLC, *et al.* (the "Debtors"), opposes the motion.

The parties agree on two assertions. First, the parties agree that the bankruptcy court must treat the Trustee's fraudulent conveyance claims as non-core under Stern v. Marshall, 131 S. Ct. 2594 (2011). See Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2173 (2014);

see also L.R. 206 ("If a bankruptcy judge determines that entry of a final order of judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under L.R. 201 and determined to be a core matter under 28 U.S.C. § 157, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court . . . ."). Second, the parties agree that the reference must be withdrawn before trial because the Tobins have a right to a jury trial on the Trustee's fraudulent conveyance claims and do not consent to trial in the bankruptcy court. See Agin v. Sam Hill, LLC, No. 14-12885, 2014 WL 6773727, at *2 (D. Mass. Dec. 2, 2014) ("Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having the trial in the bankruptcy court." (quoting In re Wolverine, Proctor & Schwarts, LLC, 404 B.R. 1, 2 (D. Mass. 2009))).

The parties disagree, however, as to when this court should withdraw the reference. The Tobins request immediate withdrawal, while the Trustee requests that the matter be left in the bankruptcy court until trial-ready. The parties have not cited, and the court has not found, First Circuit authority addressing whether immediate withdrawal is warranted in this situation. "Courts outside of this circuit have split with some favoring immediate withdrawal and others preferring to let the bankruptcy judge preside over discovery and other pretrial proceedings." In re Inofin Inc., No. 14-10483, 2014 WL 1795575, at *2 (D. Mass. May 2, 2014) (citing cases).

Here, the court finds that the interests of efficiency and uniformity will be best served by leaving the proceeding in the bankruptcy court at this time. This court acknowledges that if the bankruptcy court determines that the Trustee's claims must be adjudicated as non-core and proposes granting the Tobins's pending motion to dismiss, this court may be called on in short order to conduct *de novo* review. See 28 U.S.C. § 157(c)(1); L.R. 206. On the other hand, if the

Tobins's motion to dismiss is denied, this case will be in a similar posture to In re Inofin Inc., 2014 WL 1795575, at *3 (denying without prejudice the defendants' motion to withdraw reference), and the bankruptcy court will be best suited to preside over discovery and engage in pre-trial case management.  See Weiss v. Lockwood, 499 B.R. 392, 394-95 (D. Mass. 2013); In re Inofin, Inc., 488 B.R. 259, 261 (D. Mass. 2013) ("Rule 206 of the Local Rules . . . was drafted with the specific intent of maintaining the traditional practice of adjudicating adversary proceedings before Bankruptcy Judges who possess specialized knowledge of the issues and familiarity with similar cases.").  In that event, Defendants may seek to withdraw the reference at the close of discovery.

Accordingly, Defendants' Motion to Withdraw Reference [#1] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

December 22, 2014                                              /s/ Indira Talwani
                                                               United States District Judge